NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN M. WASSON, | No. 18-35489 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01279-SU |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 12, 2019[**]

Before:     LEAVY, BEA, and N.R. SMITH, Circuit Judges.

John M. Wasson appeals pro se from the district court's summary judgment

in his action brought under *Bivens v. Six Unknown Named Agents of the Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act

("FTCA"), alleging claims relating to his unpatented mining site in the Umatilla

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

National Forest.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Nolan v. Heald Coll.*, 551 F.3d 1148, 1153 (9th Cir. 2009).  We affirm.

The district court properly granted summary judgment on Wasson's Fourth Amendment claim against defendant Helberg because Wasson failed to raise a genuine dispute of material fact as to whether he had a reasonable expectation of privacy relating to the photography of his trailer through an unobstructed window. *See Smith v. Maryland*, 442 U.S. 735, 740 (1979) (setting forth two-part test for determining whether there is a reasonable expectation of privacy protected by the Fourth Amendment).

The district court properly granted summary judgment on Wasson's due process claims against defendants Johnson, Mayte, and Reid because Wasson failed to raise a genuine dispute of material fact as to whether he was deprived of a constitutionally protected liberty interest or adequate procedural protections.  *See United States v. Juvenile Male*, 670 F.3d 999, 1012-13 (9th Cir. 2012) (identifying requirements for substantive and procedural due process claims).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We treat Wasson's filing (Docket Entry No. 17) as a motion to file a late reply brief, and grant the motion.  The Clerk shall file the reply brief submitted at

Docket Entry No. 16.

**AFFIRMED.**